# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JASON CANTRELL**, <br> *Plaintiff,* <br> *v.* <br> **KANDICE GARDNER**, individually and in her official capacity, **ANDRE PITTS**, individually and in his official capacity, **JAMAL HUNTER**, individually and in his official capacity, and **THE CITY OF FOREST PARK**, <br> *Defendants.* | **Civil Action No. 1:26-CV-01638** <br><br> **Jury Trial Demanded** |

## JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT DISCUSSIONS

COME NOW Plaintiff Jason Cantrell, as well as Defendants Kandice Gardner, Andre Pitts, Jamal Hunter, and the City of Forest Park (*collectively*, "Parties"), by and through their respective undersigned counsel, and respectfully submit this Joint Motion to Stay Proceedings Pending Settlement Discussions pursuant to the Court's inherent authority to manage its docket and in the interests of judicial economy. *Webb v. DoorDash, Inc.*, 451 F. Supp. 3d 1360, 1370 (N.D. Ga. 2020). Specifically, because the Parties are actively involved in global settlement discussions, as evidenced by the recent resolution of Plaintiff's motion for preliminary injunction, a brief stay is necessary to avoid the unnecessary expenses

of litigation which may inhibit settlement discussions. In support thereof, the Parties state as follows:

## I.    INTRODUCTION

The Parties have engaged in productive preliminary settlement discussions and have reason to believe that a negotiated resolution of this matter may be achievable without further litigation. In the interest of preserving judicial and party resources, the Parties jointly request that the Court stay all proceedings, deadlines, and scheduling order requirements in this case for a period of sixty (60) days, or until further order of the Court.

## II.    BACKGROUND

Plaintiff filed the Verified Complaint in this action on March 26, 2026, asserting federal and state constitutional claims against an alleged restriction placed on sound amplification permits issued to him by the City. (Doc. no. 1). On that same date, Plaintiff filed a motion for a preliminary injunction. (Doc. no. 2). Defendants filed a response to the preliminary injunction on April 17, 2026 (Doc. no. 20), and on April 21, 2026, a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff's complaint. (Doc. no. 23).

After the Parties filed a Joint Notice of Stipulation and Withdrawal of Motion for Preliminary Injunction on April 23, 2026, (Doc. no. 24), the Court

cancelled the hearing related to the motion for preliminary injunction.

The deadline for Plaintiff to file a response to Defendants' Motion to Dismiss is May 5, 2026. N.D. Ga. Loc. R. 7.1. There are no other motions, deadlines, or hearings pending.

## III.    ARGUMENT

### A.    The Court Has Broad Authority to Stay Proceedings.

Federal district courts possess the inherent power to stay proceedings as part of their authority to manage their own dockets. *Landis v. North American Co.*, 299 U.S. 248 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. at 254. *See also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

### B.    A Stay Is Warranted to Facilitate Settlement Discussions.

A brief stay is appropriate here for the following reasons:

First, the Parties have commenced good-faith settlement negotiations and believe there is a genuine prospect of resolving this dispute without further judicial intervention. Allowing the Parties a reasonable period to engage in settlement discussions—free from the pressure of impending litigation deadlines—will maximize the likelihood of a successful resolution.

Second, granting the stay will conserve judicial resources. If the Parties reach a settlement, the Court will be spared the time and expense of overseeing discovery, ruling on dispositive motions, and, if necessary, conducting a trial. Even if settlement is not ultimately achieved, the stay will be of limited duration and will cause no prejudice to either Party.

Third, the requested stay is of limited duration. The Parties request a stay of sixty (60) days. In this regard, because any settlement would require approval of the City Mayor and Council, additional time beyond the standard negotiation period is necessary. Should the Parties require additional time or should settlement discussions fail, they will promptly notify the Court and propose a revised scheduling order.

Fourth, no party will suffer prejudice from the requested stay. Both Parties consent to this motion and agree that a brief pause in litigation is appropriate and

in their mutual interest. If anything, the Parties will benefit from a brief stay to continue the already productive discussions.

## IV.   PROPOSED TERMS OF STAY

The Parties propose the following terms for the stay:

1.   All proceedings in this action, including all motion filing deadlines, shall be stayed for a period of sixty (60) days from the date of entry of the order granting this Motion.

2.   Within five (5) days prior to the expiration of the stay, the Parties shall file a joint status report advising the Court of the status of settlement discussions and whether the stay should be lifted, extended, or modified.

3.   In the event a settlement is reached, the Parties will promptly notify the Court and timely make the appropriate filings.

4.   In the event settlement discussions are unsuccessful, the Parties will jointly notify the Court and propose a new scheduling order concerning the pending motion to dismiss within five (5) days of such notification.

## V.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant this Joint Motion and enter an order staying all proceedings in this action for sixty (60) days, with the terms set forth above. *E.g.*, *Unique Sports Prods. v. Wilson*

*Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1329 (N.D. Ga. 2007) (explaining that, to avoid additional expenses associated with litigation pending settlement, a litigant may request, *inter alia*, a stay of the matter).   A proposed order is submitted herewith for the Court's consideration.

Respectfully submitted this 27th Day of April 2026.

_____

Andrew J. Ekonomou

Georgia Bar No. 242750

AMERICAN CENTER FOR LAW & JUSTICE

3286 Northside Parkway

Suite 1007

Atlanta, Georgia 30327

aekonomou@aclj.org

Liam R. Harrell*

D.C. Bar No. 1740309

/s/ Nathan J. Moelker

Nathan J. Moelker*

Va. Bar No. 98313

AMERICAN CENTER FOR LAW & JUSTICE

201 Maryland Ave., NE

Washington, DC 20002

(202) 546-8890 (phone)

(202) 546-9309 (fax)

lharrell@aclj.org

nmoelker@aclj.org

* Admitted *Pro hac vice*

*Counsel for Plaintiff*

DENMARK ASHBY MATRICARDI LLC

_____

DANIELLE M. MATRICARDI

Georgia Bar No. 259551

CHANDARALEN PHE

Georgia Bar No. 686706

/s/ T. Orlando Pearson

T. ORLANDO PEARSON

Georgia Bar No. 180406

100 Hartsfield Center Parkway, Suite 400

Atlanta, Georgia 30354

Phone:  (770) 478-9950

Email:  dmatricardi@dam.law

Email:  cphe@dam.law

Email:  tpearson@dam.law

*Counsel for Defendants Kandice Gardner, Andre Pitts, Jamal Hunter, and The City of Forest Park*

**LOCAL RULE 5. 1 CERTIFICATION**

I hereby certify that the foregoing JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT DISCUSSIONS has been prepared in Book Antiqua 13-point font in accordance with Local Rule 5.1(B).

/s/ Nathan J. Moelker
Nathan J. Moelker
*Counsel for Plaintiff*

**Cantrell v. The City of Forest Park,** *et al.,* **Civ. Action No. 1:26-cv-01638**
**Joint Motion to Stay Proceedings Pending Settlement Discussions**

## CERTIFICATE OF SERVICE

I hereby certify on April 27th, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

DANIELLE M. MATRICARDI
Georgia Bar No. 259551
CHANDARALEN PHE
Georgia Bar No. 686706
T. ORLANDO PEARSON
Georgia Bar No. 180406
100 Hartsfield Center Parkway, Suite 400
Atlanta, Georgia 30354
Phone: (770) 478-9950
Email: dmatricardi@dam.law
Email: cphe@dam.law
Email: tpearson@dam.law

*Counsel for Defendants*

/s/ Nathan J. Moelker
Nathan J. Moelker
*Counsel for Plaintiff*