**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JASON CANTRELL**,<br>*Plaintiff*,<br>*v.*<br>**KANDICE GARDNER**, individually and in her official capacity,<br>**ANDRE PITTS**, individually and in his official capacity,<br>**JAMAL HUNTER**, individually and in his official capacity, and<br>**THE CITY OF FOREST PARK**,<br>*Defendants*. | Case No. 1:26-CV-01638-ELR |

## CONSENT JUDGMENT

The above-captioned case is presently before the Court on an agreement between Plaintiff Jason Cantrell ("Cantrell" or "Plaintiff"), through his attorneys, the American Center for Law & Justice, and Defendant the City of Forest Park ("City," "Forest Park," or "Defendant"), which is a municipality created under the laws of the State of Georgia. The Parties state as follows:

**WHEREAS,** on March 26, 2026, Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against the above-named Defendants, alleging that the City of Forest Park's policy and practice of including a certain restriction ("Complaint Restriction") on Sound Amplifying Device Permits issued by the City violated Plaintiff's rights under the First and Fourteenth Amendments to the United States

Constitution. Specifically, the Complaint Restriction provides that "If complaints are received about noise level, this Permit will become null and Void," which Plaintiff contends constitutes an unconstitutional heckler's veto by allowing the validity of a permit for protected expressive activity to be controlled by the subjective complaints or sensitivities of third parties, thereby chilling Plaintiff's constitutionally protected speech and religious exercise;

**WHEREAS,** in the above-captioned complaint, Plaintiff sought, among other relief: (1) a declaratory judgment that the Complaint Restriction and the City's policy and practice of including it on permits violate the First Amendment; (2) a preliminary and permanent injunction prohibiting the City from enforcing the Complaint Restriction or including it (or any substantially similar provision allowing third-party complaints or listener sensitivity to control permit validity) on any future or outstanding Sound Amplifying Device Permits or similar permits; and (3) an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 as the prevailing party;

**WHEREAS**, Defendants assert that, although the City granted Plaintiff's requests to utilize amplification devices to engage in First Amendment activities at a healthcare facility within Forest Park, when law enforcement requested that Plaintiff lower the volume consistent with the City Code of Ordinances and the

interest in public health, safety, and welfare, Plaintiff refused before increasing the volume and continuing to engage in First Amendment activities;

**WHEREAS**, on April 17, 2026, Defendants filed the Opposition to Plaintiff's Motion for Preliminary Injunction, arguing that this case does not involve a *Heckler's Veto*, Plaintiff cannot establish a First Amendment violation, Plaintiff was not penalized for exercising any First Amendment rights, and any inconvenience was vastly outweighed by the public interest in regulating noise outside of a medical facility;

**WHEREAS**, on April 21, 2026, Defendants moved for dismissal of the above-captioned case because the individual Defendants are entitled to immunity, the official capacity claims were duplicative of the claims against the City, Plaintiff failed to allege an unlawful deprivation of rights, neutral or general regulation of noise does not deprive Plaintiff of First Amendment rights, and the Court should decline to exercise jurisdiction over the State law claims;

**WHEREAS**, Defendant City denies that Forest Park violated any Federal or State law, and further denies that Plaintiff is entitled to any relief, but enters into this Consent Judgment solely for the purpose of compromising and settling the disputed claims in this action as well as avoiding the costs, risks, delays, and uncertainties of continued litigation, without any admission of liability, fault, or wrongdoing of any kind;

**WHEREAS**, on April 23, 2026, Plaintiff withdrew the motion for preliminary injunction;

**WHEREAS**, on April 29, 2026, this Court granted a stay of all proceedings in this case to facilitate settlement negotiations between the Parties;

**WHEREAS**, the Parties, through good-faith negotiations, have now reached a full and final agreement to resolve all of Plaintiff's claims, without admitting liability, on the terms and conditions set forth herein;

**WHEREAS**, Plaintiff asserts that the entry of this Consent Judgment, which grants Plaintiff the primary injunctive relief sought in the Complaint, materially alters the legal relationship between Plaintiff and the City such that Plaintiff is the prevailing party with respect to his claims against the City for purposes of 42 U.S.C. § 1988; and

**WHEREAS**, although consenting to entry of judgment, Defendants assert that, through dismissal of the citation issued to Plaintiff, amendment of the City Code, and implementation of new permit form, the above-captioned case has been rendered moot and Plaintiff is not the prevailing party for purposes of 42 U.S.C. § 1988.

**NOW THEREFORE**, based on agreement between the Parties, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

## I. JURISDICTION

The Court has personal jurisdiction over the Parties and subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

## II. DISMISSAL OF CLAIMS AGAINST INDIVIDUAL DEFENDANTS

Upon entry of this Consent Judgment, Plaintiff's claims against Defendants Kandice Gardner, Andre Pitts, and Jamal Hunter (*collectively*, "Individual Defendants") are **HEREBY DISMISSED**, with prejudice.

## III. PERMANENT INJUNCTION

Upon entry of this Consent Judgment, Defendant City of Forest Park, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Consent Judgment, agree to be permanently enjoined from including, in any permit issued pursuant to the City Code of Ordinances, the restriction, "If complaints are received about noise level, this Permit will become null and Void," or any substantially similar terms, language, or conditions that permit the automatic revocation of a Sound Amplifying Device Permit (or any similar permit for amplified sound or noise) based solely on the complaint of a third-party complaint.

Notwithstanding entry of this Consent Judgment, Plaintiff may apply for any permit pursuant to the City's Code of Ordinances. Although Forest Park shall address and/or process any application in accordance with the City's Code of

Ordinances, Plaintiff is not automatically entitled to the receipt of a permit, if the application is procedurally defective or subject to denial pursuant to the Code of Ordinances or any State/Federal law. Nevertheless, the City shall continue to engage in a good-faith review and/or consideration of any application submitted by Plaintiff.

Nothing in this Consent Judgment shall be construed to prohibit the City from adopting or enforcing lawful restrictions on noise or amplified sound.

## IV. JUDGMENT

Pursuant to the foregoing, judgment is **HEREBY ENTERED** on the terms set forth herein, which resolve all claims in this action, subject to the Court's retained jurisdiction for purposes of enforcement and Plaintiff's request for attorney's fees.

## V. RETENTION OF JURISDICTION

The Court retains jurisdiction over this case and the Parties for the purpose of enforcement of this Consent Judgment. Any Party to this Consent Judgment may apply to the Court at any time for such further orders, directions, or relief as may be necessary or appropriate for the construction, interpretation, modification, or enforcement of this Consent Judgment, including, but not limited to motions for contempt, injunctive relief, or other sanctions for non-compliance. However, prior to seeking any relief from the Court, the *purportedly* aggrieved party is

**ORDERED** to notify Counsel for Plaintiff or the City Attorney of the *potential* violation of this Consent Judgment and afford a reasonable opportunity to redress any *alleged* violation before seeking relief from the Court. Any motion for relief under this Consent Judgment shall include a certification that the movant has in good faith conferred or attempted to confer with the other party to resolve any *alleged* violation of this Consent Judgment without relief from the Court. If any motion to enforce this Consent Judgment is denied, the Court may require the movant, the attorney filing the motion, or both to pay the non-movant's reasonable attorney's fees and litigation expenses.

## VI. ATTORNEY'S FEES

Because Plaintiff claims to be the prevailing party, within twenty-one (21) days of the entry of this Consent Judgment, Plaintiff may file a motion for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988, including, but not limited to, argument concerning prevailing party status and the reasonableness of the sought-after fees. Defendant City reserves all rights to oppose, within twenty-one (21) days of any motion, any request for attorney's fees by Plaintiff. The Court will determine the appropriate amount of any fee award after briefing by the Parties.

Eleanor L. Ross

ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE
Northern District of Georgia

This Consent Judgment has been agreed to as to content and form by the parties.

PLAINTIFF

Signed by:
B1BF602ECBD7425...
______________________________
Jason Cantrell

DEFENDANTS

______________________________
City of Forest Park
By: CARL E. GEFFKEN
Title: CITY MANAGER

______________________________
Kandice Gardner

______________________________
Andre Pitts

______________________________
Jamal Hunter