**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JASON CANTRELL,<br><br>Plaintiff,<br><br>vs.<br><br>KANDICE GARDNER, individually and in her official capacity;<br>ANDRE PITTS, individually and in his official capacity;<br>JAMAL HUNTER, individually and in his official capacity; and<br>THE CITY OF FOREST PARK,<br><br>Defendants. | CIV. ACTION NO. 1:26-CV-01638<br><br>The Honorable Eleanor L. Ross<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' OPPOSITION TO COUNSEL FOR PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Although this matter would have been resolved without the need for litigation had Plaintiff's Counsel simply contacted the City Attorney prior to commencing this matter, Counsel chose to pursue this matter (not for the benefit of Plaintiff Jason Cantrell ("Cantrell" or "Plaintiff")) to benefit their own bottom line by racking-up massive attorney's fees. Now, Plaintiff's Counsel *incredibly* requests an award of fees in the amount of $96,180.00 (198.7 hours) in a case resolved at the pleadings stage—Counsel merely filed the above-captioned petition and motion for preliminary injunction, which was voluntarily withdrawn. No response to the motion to dismiss, no Court

appearances, no discovery, no motion for summary judgment, and no trial. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded . . . ." Am. C.L. Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). The Court should not reward Plaintiff Counsel for needlessly commencing litigation and churning the file to incur unnecessary fees.

COME NOW Defendants Kandice Gardner, Andre Pitts, Jamal Hunter, and the City of Forest Park ("City" or "Forest Park") (*collectively*, "Defendants") and oppose, pursuant to 42 U.S.C. § 1988, the Motion for Attorney's Fees.[1]

Consistent with the First Amendment, Forest Park has a Noise Ordinance to protect the public's health and safety. Dating back to at least 2025, the City granted Plaintiff permits for sound amplification devices at a healthcare facility in Forest Park, where Plaintiff continues to engage in First Amendment activities. Following a public complaint on July 31, 2025, Plaintiff refused to lower the amplification device, resulting in a citation that a solicitor declined to prosecute. Thereafter, the City continued to issue permits to Plaintiff, who still commenced this case. Although the claims were meritless, upon learning of this matter, the City Attorney revised permit language,

---

[1] Pursuant to the Consent Judgment, the deadline for this Response was November 19, 2026.

created a new application form, amended the ordinance, and commenced dispute resolution without admitting fault or wrongdoing.

Although Plaintiff received no monetary judgment and the parties' relationship remains unchanged, Counsel for Plaintiff seeks a windfall to support a national political campaign.[2] Specifically, the Court should deny Counsel's Motion for Attorneys' Fees because, *inter alia*, (a) Plaintiff is not the "prevailing party," (b) the request for $96,180.00 to merely file a complaint and motion is wholly unreasonable, and (c) Counsel for Plaintiff seeks a windfall. Therefore, Defendants respectfully request that the Court deny the Motion for Attorney's Fees, as well as afford any other relief that is just and proper.

## I. BACKGROUND

1.

Under the City's prior Noise Ordinance, it is unlawful for any person to make or cause to be made any loud, raucous, or unusual noise which interferes with the comfort, repose, and peace of others or endangers the health or safety of others. Forest Park Mun. Code. § 11-5-1. (Ex. A, former Noise Ordinance).[3]

---

[2] Plaintiff's Counsel is a Washington, D.C., political organization that engages in cultural issues to protect pro-life demonstrators.

[3] Attached hereto, and expressly incorporated herein, as Exhibit A is a certified copy of the former Noise Ordinance.

However, persons may operate a sound amplification device for the purpose of, *inter alia*, exercising the right of free speech guaranteed by the United States Constitution after receiving a permit from the City. Id. § 11-5-4(1). Although the City shall not infringe on Constitutional rights, the City has the right to control noise emitted in the City for the general health and welfare of its citizens. Id. § 11-5-4(3).

2.

After a complaint about the application process, Plaintiff submitted a request for a permit which the City granted on June 27, 2025, when issuing a Sound Amplifying Device Permit ("June Permit"), permitting Plaintiff to utilize a sound amplification device at 519 Forest Parkway, Forest Park, Georgia 30297. (Ex. B, June 2025 Permit).[4]

3.

When asked to modify the volume consistent with the Noise Ordinance on July 31, 2025, Plaintiff refused, resulting in a warning. (Ex. C, Report).[5] After Plaintiff increased the volume, law enforcement issued a citation. (Ex.

---

[4] Attached hereto, and expressly incorporated herein, as Exhibit B is a true and correct copy of the June 2025 Permit.

[5] Attached hereto, and expressly incorporated herein, as Exhibit C is a true and correct copy of the Incident/Investigation Report.

D, Citation).[6] However, on March 4, 2026, the contractor City Solicitor chose not to prosecute. (Ex. E, *Nolle Prosequi*).[7]

4.

Counsel for Plaintiff never contacted the City Attorney concerning any issues related to the permit or the citation.[8] (Ex. F, Pearson Dec. ¶ 10).[9]

5.

Following the citation, the City continued to issue permits to Plaintiff, who engaged in First Amendment activities in the City. (Ex. G, Permits).[10]

6.

Meanwhile, on March 26, 2026, Counsel for Plaintiff commenced this matter, asserting, *inter alia*, First Amendment claims premised upon the *Heckler's Veto* theory. (Doc. no. 1, Ver. Compl.).

---

[6] Attached hereto, and expressly incorporated herein, as Exhibit D is a true and correct copy of the Citation.

[7] Attached hereto, and expressly incorporated herein, as Exhibit E is a true and correct copy of the *Nolle Prosequi*.

[8] The Court may take judicial notice of the City Charter located at: https://library.municode.com/ga/forest_park. Stewart v. Greensboro, Georgia, No. 3:18-CV-129, 2020 WL 1551828, at *11 n.130 (M.D. Ga. Mar. 31, 2020).

[9] Attached hereto, and expressly incorporated herein, as Exhibit F is a true and correct copy of Declaration of Attorney T. Orlando Pearson.

[10] Attached hereto, and expressly incorporated herein, as Exhibit G is a true and correct copy of the Permits.

7.

Subsequently, the City opposed Plaintiff's motion for preliminary injunction and moved for dismissal for failure to state a claim. (Doc. nos. 17 and 23, Resp. and Mot. to Dismiss).

8.

Despite valid defenses, in the interest of compromise and to avoid needless litigation, the City Attorney directed the City to remove the subject language from permits and amended the Noise Ordinance. (Ex. F, Pearson Dec. ¶ 12). And, on April 20, 2026, the City Attorney initiated dispute resolution. (Id. ¶ 13). On Tuesday, April 21, 2026, Counsel for the Parties conferred concerning a resolution of the issues. (Id. ¶ 14). In this regard, the City offered to stay deadlines to avoid needless litigation. (Id. ¶ 16).

9.

Consistent with the City Attorney's dispute resolution efforts, on April 23, 2026, the parties filed the Notice of Stipulation and Withdrawal of Motion for Preliminary Injunction. (Doc. no. 24, Notice).

10.

On April 29, 2026, the Court stayed this matter to permit the parties to pursue settlement discussions. (Doc. no. 26, Order).

11.

While the City engaged in good-faith settlement negotiations, on May 5, 2026, the City again issued Plaintiff a permit to engage in First Amendment activities at the subject location. (Ex. F, Pearson Dec. ¶ 17).

12.

On October 8, 2026, the Court entered the Consent Judgment. (Doc. no. 32, Judgment).

## II. ARGUMENT AND CITATION TO AUTHORITY

Counsel for Plaintiff requests, pursuant to, *inter alia*, 42 U.S.C. § 1988(b), $96,180 in attorneys' fees because (a) Plaintiff is the prevailing party and (b) application of the lodestar establishes the sought-after fees are reasonable. (Doc. no. 33, Mot. for Attorney's Fees). Despite the *American Rule*, in actions pursuant to 42 U.S.C. § 1983, courts have the *discretion* to allow the "prevailing party" to recover *reasonable* attorney's fees. 42 U.S.C. § 1988(b). In this regard, the plaintiff is considered a "prevailing party" if obtaining some relief on the merits of the claim that materially alters the parties' legal relationship. Granite State Outdoor Advert., Inc. v. Clearwater, Fla., 351 F.3d 1112, 1119 (11th Cir. 2003). As it relates to a "reasonable fee," courts must determine an amount "sufficient to induce a capable attorney to under-take the representation of a meritorious civil rights case," which typically involves

creation of a "lodestar," *i.e.*, a reasonable number of hours multiplied by a reasonable fee." Johnston v. Borders, 36 F.4th 1254, 1282 (11th Cir. 2022). However, courts may deny attorney's fees when an award would be unjust or create a "windfall" to attorneys—movants bears the burden of establishing an entitlement of attorney's fees. Yule v. Jones, 766 F. Supp. 2d 1333, 1340 (N.D. Ga. 2010). With these basic principles in mind, the Court must deny the Motion for Attorney's Fees.

## A. Plaintiff Is Not the "Prevailing Party"

As an initial matter, Plaintiff has not met the initial threshold of being the "prevailing party." Under 42 U.S.C. § 1988, the "prevailing party" must succeed on a significant issue in litigation achieving some benefit sought in the lawsuit. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). In this regard, the plaintiff must change the parties' legal relationship—a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Aaron-Brush v. Att'y Gen. State of Alabama, 678 Fed. Appx. 792, 795–96 (11th Cir. 2017) (concluding that the plaintiff was not the "prevailing party" when the defendant's agreement rather than the court's directives was the impetus for the resolution of the dispute).

Examination of the record clearly reveals that Plaintiff is not the "prevailing party." Indeed, Plaintiff has not succeeded on any significant issue in litigation which achieves some benefit Cantrell sought in commencing this matter. Without question, Plaintiff has not obtained a monetary award. (Doc. no. 32, Consent Judgment). Moreover, there was no declaration that Defendants violated Plaintiff's Constitutional rights and Defendants have not admitted any wrongful conduct. Instead, the City undertook voluntary actions rendering this matter moot prior to any judgment. Even before litigation commenced, the City dismissed the citation. Next, the City removed language from the permits at the hear of Plaintiff's claims. Moreover, the City created a new application form and amended the ordinance concerning permits. All of this occurred before the parties discussed a consent judgment. Nevertheless, Counsel for Plaintiff sought to enjoin non-existent conduct merely for the purpose of seeking an award of attorney's fees.

***And, there has been no change in the parties' legal relationship of the parties***. Prior to the events forming the basis of this matter, the City issued Plaintiff permits to utilize sound amplification devices to engage in First Amendment activities. Despite the citation, the City Solicitor declined to prosecute the matter, and the Municipal Court imposed no penalties. Thereafter, the City continues to issue Plaintiff permits to engage in First

Amendment activities in Forest Park. Nothing in this matter has changed the parties' legal relationship and, thus, Plaintiff is not the "prevailing party."

Nevertheless, Counsel for Plaintiff mistakenly cites Lackey v. Stinnie, 604 U.S. 192, 145 S.Ct. 659 (2025) for the proposition that Plaintiff is the "prevailing party." (Doc. no. 33, pp. 6-8). When drivers challenged the suspension of licenses for non-payment of costs and fines, the State repealed the statute and reinstated the licenses before the parties agreed to dismissal. Id. at 192. Addressing whether the drivers were the "prevailing party," the Supreme Court explained a party "prevails" when a court conclusively resolves the claim by granting enduring relief on the merits that alters the parties' legal relationship. Id. at 207. Because the drivers only gained a preliminary injunction before the action became moot, they were not "prevailing parties" eligible for fees. Id. at 207-08. Here, Plaintiff withdrew the motion for a preliminary injunction, and the Court afforded no relief before the parties resolved the dispute at the suggestion of the City. Indeed, there was no enduring relief on the merits in this matter. If the Lackey drivers were not prevailing parties, Plaintiff surely is not the "prevailing party."

Likewise, Counsel for Plaintiff wrongly points to Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570 (1980) for the proposition that Plaintiff is the "prevailing party." (Doc. no. 33, pp. 7-8). Following a decree in a matter

challenging the regulation of an aid program, the plaintiff was awarded attorney's fees. Id. at 124-25. Although Section 1988 does not require full litigation, Maher progressed through the pleading and discovery stages. Id. at 129-30. Unlike Maher, Plaintiff did not vindicate rights through litigation because the City never prevented Plaintiff from engaging in First Amendment activities. After the City challenged the claims, Plaintiff withdrew the motion for injunction and, in the interest of compromise, the parties resolved the dispute before the pleadings and discovery stages. Maher is inapposite.

Finally, Counsel for Plaintiff incorrectly refers to Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist., 489 U.S. 782 for the proposition that Plaintiff obtained enforceable relief resulting in "prevailing party" status. (Doc. no. 33, pp. 7-8). In a matter involving the challenge to a policy limiting communications concerning organization, the Supreme Court explained that prevailing parties succeed on a significant issue achieving some benefit sought in the litigation. Id. at 789. Because the petitioners obtained a judgment vindicating First Amendment rights, the success materially altered the policy of limiting communications. Id. at 793. Again, the City neither prevented First Amendment activities nor denied a permit. Plaintiff never succeeded on a significant issue through litigation and, thus, Garland is unavailing.

### B. Counsel for Plaintiff's Request Is Wholly Unreasonable

Assuming, *arguendo*, the Court determines Counsel for Plaintiff met the initial threshold, the sought-after fees are wholly unreasonable. In this regard, the starting point for calculating the reasonable fees is the number of hours reasonably expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433-37. To that end, the product of these numbers is commonly referred to as the base figure or "lodestar." Pennsylvania v. De. Valley Citizens' Council, 478 U.S. 546, 563, 106 S.Ct. 3088 (1986); Barnes, 168 F.3d at 427. After calculating the lodestar, courts may downward adjust based on factors, such as the quality of the results and the legal representation provided. Blum v. Stenson, 465 U.S. 886, 896-97, 104 S.Ct. 1541 (1984); Duckworth v. Whisehant, 97 F.3d 1393, 1396 (11th Cir. 1996).

#### *1. The Requested Rates Exceed the Prevailing Market Rates*

Counsel for Plaintiff asserts that the hourly rates of $750.00 (supervising attorney), $500.00 (associate), and $150.00 (staff) are reasonable in Atlanta. Movants bear the burden of producing evidence of a reasonable rate, the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation—satisfactory evidence is more than an affidavit of the attorney performing the work. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299

(11th Cir. 1988). Moreover, courts may utilize personal experience and expertise concerning reasonable and proper fees. Barnes, 168 at 431. Reasonable rate findings are discretionary. Turner v. Sec'y of Air Force, 944 F.2d 804, 808 (11th Cir. 1991).

Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) is instructive concerning reasonable rate. In a First Amendment case, the plaintiff sought attorney's fees in the amount of $944,755 after a $20,000 jury verdict. Id. at 778-79. Addressing the hourly rate, the Eleventh Circuit explained,

> The first step in the computation of the lodestar is determining the reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. By "satisfactory evidence," we mean "more than the affidavit of the attorney performing the work.

Id. at 781 (internal quotations and citation omitted). Counsel for the parties submitted conflicting affidavits concerning the reasonableness of the rates. Id. Because the court is an expert and may consider its own knowledge/experience, based on the record, facts, and contingent nature, the court lowered the rate. Id.

Like Loranger, this Court should also reduce the sought-after rates based upon its own expertise and experience. First, the Declarations were executed and submitted by Counsel for Plaintiff. Attorneys Harrell and

Moelker are based in Washington, D.C., and, thus, have no personal knowledge concerning the prevailing market rates in Atlanta, Georgia.

Turning to the applicable factors, this First Amendment case is not novel, did not present difficult questions, and was not undesirable. Indeed, the parties were able to resolve the claims at the pleading stage—the time, labor, and skill were minimal. Moreover, nothing suggests that acceptance of this case precluded Plaintiff's Counsel from taking other work. As it relates to the nature of the fee (fixed/contingent), Counsel for Plaintiffs admit to representing Plaintiff "free of charge."[11] Furthermore, as evidenced by the record, there were no time limitations associated with this matter—the Court stayed and extended deadlines on multiple occasions. As for the results, Plaintiff received no monetary damages and continues to receive permits to engage in First Amendment activities just like prior to litigation—Plaintiff has neither gained nor vindicated any rights.

Likewise, awards in similar cases contradict the sought-after rates. Recently, in First Amendment litigation, this Court has approved rates of $540/$435/$250 per hour for attorneys providing legal services. Miko v. Jones,

---

[11] Interestingly, although the retainer agreement was drafted on March 16, 2026, (Turner Hour Log), Attorney Moelker researched attorney fee rates on May 8 and 19, 2026, (Moelker Hour Log).

No. 1:20-CV-02147-SDG, 2023 WL 196920, at *3 (N.D. Ga. Jan. 17, 2023). Those rates are more in line with the Atlanta legal market than the $750/$500 per hour rates requested by Counsel for Plaintiff. See Kincaid v. Pasha Atlanta, LLC, No. 1:23-CV-3592-TWT, 2025 LX 314128, at *3-5 (N.D. Ga. July 30, 2025) (reducing hourly rate from $450 to $325 in FLSA case).

Nevertheless, Counsel for Plaintiff cites Stimson v. Stryker Sales Corp., No. 1:17-CV-00872-JPB, 2022 U.S. Dist. LEXIS 22588, at *1 (N.D. Ga. Feb. 8, 2022) in support of the requested rates. Unlike Stimson involving age discrimination and retaliation claims, this matter involved public speech claims. Moreover, the defendant in Stimson sought $48,132.60 for litigation through summary judgment and Counsel for Plaintiff requests $96,800 for litigation resolved at the pleadings stage. Interestingly, in Stimson, the rates were: $780.00 (30 years' experience and founder/leader of group employing 70 lawyers), $552.00 (decade of experience in security issues), $539.39 (decades of experience in labor/employment and a "Best Lawyer in America"), and $510.00 (20 years of labor/employment experience and a "Best Lawyer in America") per hour for partners; $464.00 (a decade of experience in labor/employment) per hour for the senior associate; and $405.00 (six years of e-discovery expertise) and $400.00 (eight years labor/employment matters) per hour for associates. Although possessing experience in public speech, Attorney Harrell specializes

in criminal defense. (Doc. No. 33-1, Harrell Dec. ¶¶ 3, 6). Likewise, Attorney Moelker *appears* to be a general practitioner. (Doc. No. 33-2, Moelker Dec. ¶¶ 4-5). And, despite governmental experience, including criminal and unspecified civil-rights litigation, unlike the partner in Stimson who founded/lead 70 attorneys, Attorney Ekonomou has no such experience justifying the *remarkably* similar $780.00/hour rate. (Doc. No. 33-3). If anything, Stimson supports a reduction of the sought-after hourly rates.[12]

### ***2. Counsel for Plaintiff Failed to Exercise "Billing Judgment"***

Putting aside the excessive rates, the second lodestar step involves a determination of the number of reasonable hours expended, excluding unreasonable hours, *i.e.*, "billing judgment." Duckworth, 97 F.3d at 1397. Courts must exclude excessive, redundant, and unnecessary hours. Barnes, 168 F.3d at 428. Although there is no precise rule/formula, when finding the number of hours unreasonably high, the court has two choices: conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

[12] Counsel for Plaintiff also cites Goldring v. Henry, No. 1:18-cv-01191-WMR, 2022 U.S. Dist. LEXIS 133775 (N.D. Ga. July 22, 2022), where the Court approved $500/hour fees in a malicious prosecution for a pedestrian and trafficking cocaine charges. Putting aside the complexity of litigating a malicious prosecution involving and underlying felony drug charge, again, Goldring undermines Counsel's request for $780/hour. Goldring is unavailing.

Even a cursory review of the astounding 198.7 hours in a case where Counsel merely filed a complaint and largely duplicative (and withdrawn) motion for injunction reveals a complete lack of billing judgment, probably arising from the fact that Plaintiff was not actually being charged any fees.

As an initial matter, the time records contain "block billing," which occurs when attorneys list multiple tasks in a single entry without identifying time spent on each task, resulting in a "problem" for which the opponent should not be penalized—courts approve across-the-board reductions. Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 Fed. Appx. 198, 203 (11th Cir. 2012); Jones v. Marietta Nondestructive Testing, LLC, No. 1:18-CV-5384-LMM, 2020 WL 13588241, at *6 (N.D. Ga. May 5, 2020). By way of examples, the following chart lists examples of impermissible "block billing":

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 3/27/26 | Harrell | Appearance and Pro Hac Vice Admission | .8 |
| 7/1/26 | Harrell | Joint Status Report Preparation and Consent Judgment | 2 |
| 3/24/26 | Moelker | Complaint and Preliminary Injunction Editing | 4.5 |
| 4/1/26 | Moelker | Service Completion and Preliminary Injunction | .4 |
| 4/23/26 | Moelker | Negotiation; Review Report; Draft Agreement; Coordinate Filing | 3.1 |
| 4/27/26 | Moelker | Conferral with Counsel and Finalize/File Motion | 2.3 |
| 4//27/26 | Moelker | Draft Update/Stay; Response re Permit | .3 |
| 5/18/26 | Ekonomou | Review Logs/Fees; Evaluate Fee Positions; and Comments | .8 |

| | | | |
|---|---|---|---|
| 6/10/26 | Ekonomou | Review Strategy; Review Drafts; and Discuss Fees | 1 |
| 8/22/26 | Ekonomou | Judgment Negotiation; Review Redlines; and Strategy Discussion | 2.3 |
| 9/28/26 | Ekonomou | Execute/File Judgment; Review Signatures; "Consent Motion;" and Approve Strategy | 1.3 |

Because Defendants cannot be penalized by "block billing," the Court should reduce Counsel for Plaintiff's requested hours.

In addition to "block billing," certain records are too vague to evaluate the reasonableness of the hours. When records fail to provide sufficient detail to discern reasonableness and legitimacy, a reduction is proper. Villano v. Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001); Shanta W. v. Comm'r of Soc. Sec., No. 1:23-CV-4862-JKL, 2025 WL 3510818, at *3 (N.D. Ga. Mar. 20, 2025). Aside from references to simply "drafting" or "editing," the following represents examples of vague records:

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 3/11/26 | Harrell | "Client Conference" | .6 |
| 3/26/26 | Harrell | "PACER filing" | 1.2 |
| 3/11/26 | Turner | "Client Conference" | .6 |
| 6/24/26 | Turner | "Case management" | .1 |
| 7/2/26 | Turner | "Case management" | .3 |
| 7/21/26 | Turner | "Case management" | .4 |
| 7/22/26 | Turner | "Case management" | .3 |
| 9/1/26 | Turner | "Case management" | .1 |
| 9/2/26 | Turner | "Case management" | .2 |
| 5/6/26 | Turner | "Call w/ Client" | .5 |
| 5/8/26 | Turner | "Call w/ Client" | .5 |
| 5/6/26 | Moelker | "Call w/ Client" | .5 |

Notwithstanding "block billing" and vagueness, Counsel for Plaintiff engaged in redundant billing. Although a client may have multiple attorneys, they cannot unreasonably do the same work and can only be compensated for a distinct contribution. Norman, 836 F.2d at 1301–02. The following chart exemplifies the redundant billing hours associated with certain tasks evident from the Declarations:

| | Harrell | Turner | Moelker | Ekonomou |
|---|---|---|---|---|
| Client Interview | 1.1 | 1.1 | | |
| Complaint | 19.2 | 1.9 | 14.1 | 1 |
| Preliminary Injunction | 24.2 | 2.7 | 20.7 | |
| PACER Filing | 1.2 | | | .4 |
| Service of Process | | 3.4 | .9 | .1 |
| Reviewing Injunction Opposition | 2.7 | | 1.9 | |
| Reviewing Motion to Dismiss | | | .5 | |
| Settlement and Response | 4.7 | | 6 | 2.6 |
| Proposed Order – Pleadings | 1.5 | | | |
| Status Report, Stipulation/Stay | 7.1 | .1 | 6 | .6 |
| Scheduling and Calendaring | | .8 | .8 | |
| Amended Complaint | 2.1 | | 1.5 | |
| Consent Judgment | 11.7 | | 4.4 | .4 |
| Motion to Open | 4.1 | | | .8 |
| Motion for Fees and Declarations | 8.5 | 4.1 | 4.4 | 2.1 |

The client (or opposing party) should not be charged for duplicative work on the same tasks by multiple attorneys.

Putting aside the "block billing," vagueness, and redundancy, Counsel for Plaintiff also billed for claims on which Plaintiff did not prevail. Popham v. Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987); Carey v. Rudeseal, 721 F. Supp. 294, 298 (N.D. Ga. 1989). Putting aside the fact that Plaintiff is not the

"prevailing party," Plaintiff asserted claims for deprivation of freedom of speech and religion, as well as violation of the Religious Freedom Restoration Act. Plaintiff did not receive a monetary judgment and the Consent Judgment *purports* to enjoin the City's alleged *former* practice. In this regard, none of the time records indicate what time was devoted to either claim. Rather, most of the records simply indicate, "complaint drafting," "PI Motion Drafting," "Complaint Editing," "PI Motion Revision," and other amorphous descriptions without reference to the specific claims. Any award should be reduced.

Likewise, Counsel for Plaintiff billed for tasks, matters, and items that were never utilized and/or completed. The reasonableness of Counsel for Plaintiff's billing is further undermined by time devoted to work-product while the parties were engaged in settlement discussions. Such tasks were wholly unnecessary and pursued solely for the purpose of needlessly expanding these proceedings. For example, Counsel for Plaintiff billed 5.4 hours for a reply in support of the motion for injunction, which was ultimately withdraw. Additionally, Counsel for Plaintiff billed 38.3 hours to "moot" the motion when the matter was never set down for a hearing. Moreover, Counsel for Plaintiff references "discovery," which had not even commenced. And, Counsel for Plaintiff billed 6.7 hours for an amended complaint after the parties engaged in settlement discussions. Finally, Counsel for Plaintiff billed 4.9 hours for a

motion to reopen when it was clear that the parties would resolve this matter without the need for litigation. Defendants should not be responsible for Plaintiff's Counsel churning the file. Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003).

Notwithstanding Counsel for Plaintiff's professed expertise and specialization in First Amendment law, coupled with the *ostensible* access to work-product from substantially similar cases, Counsel spent a disproportionate amount of the limited tasks and work-product in this matter. Caplan v. All Am. Auto Collision, Inc., 36 F.4th 1083, 1087 (11th Cir. 2022); Barnes, 168 F.3d at 430. For example, Counsel spent 31.2 hours drafting a complaint based upon a limited fact pattern and asserting two (2) claims for deprivation of freedom of speech and religion. Likewise, Plaintiff spent 38.3 hours on the motion for preliminary injunction, based on upon the same facts and reasoning. Billing judgment should dictate less time spent on a motion than on the pleading forming the basis of the claims. Even worse, Counsel for Plaintiff spent approximately 13 hours on the consent judgment and 7.8 on the status report, both of which involved significant, if not primary, input from the City Attorney. This represents patent over-billing, which should not be tolerated. Even a cursory review of the time records reveals a lack of billing judgement, which disfavors an award of the fees sought by Counsel.

### 3. *The Results and Circumstances Mandate a Downward Adjustment of any Lodestar Calculation*

Assuming, *arguendo*, the Court decides Counsel for Plaintiff is entitled to some lodestar amount, the results, circumstances, and the Consent Judgment warrant an overall downward adjustment of any lodestar calculation. The lodestar is adjustable to arrive at a reasonable fee based on the results obtained from the work performed. Ass'n of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006); Dillard v. Greensboro, 213 F.3d 1347, 1355–56 (11th Cir. 2000). Where the plaintiff has achieved only limited success, courts award only the reasonable fees related to the results obtained. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997). As this Court has explained, the most significant consideration in adjusting the lodestar is the special circumstances or results reached in the particular case. Carey v. Rudeseal, 721 F. Supp. 294, 296 (N.D. Ga. 1989).

First, Christ Liberty Fam. Life Ctr. v. Avondale Ests., Ga., No. 1:10-CV-2326-CAP, 2013 WL 1896311 (N.D. Ga. Mar. 29, 2013), affirmed, 558 Fed. Appx. 946 (11th Cir. 2014) is instructive concerning reductions based on needless litigation. In Christ Liberty, the city enacted ordinances requiring churches to be located on certain land with a certain amount of frontage. Id. at *1. After vacating a property based upon a citation, the church challenged the ordinances and sought a preliminary injunction. Id. Quickly thereafter,

the parties submitted a consent order and the city repealed the ordinance. Id. at *2. Addressing attorney's fees, the Court discussed the standard governing an award of fees, including "billing judgment." Id. at *5. Concerning the lodestar, this Court explained the plaintiff's failure to request or accept voluntary compliance prior to suit, which indicates bad faith, unduly litigation, and unnecessary trouble and expense, affects awards. Id. at *6. Plaintiff's counsel amassed $55,000 in fees drafting a complaint and motion for injunction, however, as soon as suit was filed and the city had notice of the challenge, the city consented to not enforce and repealed the ordinance. Id. at *7. "A paying client would not stand for such behavior." Id. And, examination of the record showed the city was not "hostile" toward the church once it knew of the legal basis for the challenge. Id. at *8. Because it was unreasonable for the plaintiff to prolong (or even file) the lawsuit, the lodestar was reduced. Id.

Akin to Christ Liberty where the lodestar was reduced, Counsel for Plaintiff engaged in patent bad faith and needless litigation in the mere hope of extracting attorney's fees. Again, the City consistently issued permits to Plaintiff to engage in First Amendment activities. Moreover, when Plaintiff challenged the citation, the City voluntarily declined to prosecute the matter and no penalty was imposed. Counsel for Plaintiff never contacted the City Attorney to address any alleged unconstitutional ordinances or practices prior

to amassing significant attorney's fees drafting the complaint and motion for injunction. And, once becoming aware of the challenge, the City Attorney immediately contacted Counsel for Plaintiff to initiate dispute resolution and settlement discussions. In good faith, the City agreed to stay the proceedings and issued another permit without a formal agreement or consent judgment. Forest Park has never exhibited hostility toward Plaintiff, who needlessly commenced and expanded this matter. ***Notably, approximately 40% of the hours were billed on or after April 29, 2026***.

Similarly, the Court should not reward what amounts to, at best, a *pyrrhic victory*. Courts must adjust any lodestar in light of the results obtained through litigation. <u>Duckworth</u>, 97 F.3d 1399. Before and after litigation, the City issued Plaintiff permits to engage in First Amendment activities. Nothing has changed. At best, Plaintiff obtained a *purported* injunction, prohibiting conduct that ceased the minute the City Attorney became aware of the issue. Notably, examination of the Motion to Dismiss reveals that the City never even engaged in unlawful conduct. Therefore, the Court should drastically reduce any potential award of fees.

### C. The Sought-After Fees Represent an Unjust Windfall to Counsel

Finally, even if the Court were to determine Plaintiff is the prevailing party and Counsel for Plaintiff has requested a reasonable amount of

attorney's fees (Defendants make no such admission), the Court should reduce the sought-after fees as an unjust windfall to Counsel for Plaintiff. Awards of fees should not result in "windfalls" to attorneys. Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1337 (11th Cir. 2001); Lambert v. Fulton Cnty., GA, 151 F. Supp. 2d 1364, 1368 (N.D. Ga. 2000). Unearned and unintended financial benefits constitute a "windfall." S. Coal Corp. v. Drummond Coal Sales, Inc., No. 1:17-CV-1104-AT, 2018 WL 11445923, at *3 (N.D. Ga. Sept. 12, 2018). Without belaboring the point, the sought-after $96,180 in fees in a case where Plaintiff merely filed a complaint and motion for injunction before the parties immediately settled a dispute where the City never prevented Plaintiff from engaging in First Amendment Activities would subvert the purpose of 42 U.S.C. § 1988 by conferring an unearned benefit upon Counsel for Plaintiff.

## III. CONCLUSION

For the reasons stated, *supra*, the Court should deny the Motion for Attorney's Fees.

*[SIGNATURE ON THE FOLLOWING PAGE]*

Respectfully submitted, this 18th day of November, 2026.

DENMARK ASHBY MATRICARDI LLC

DANIELLE M. MATRICARDI
Georgia Bar No. 259551
CHANDARALEN PHE
Georgia Bar No. 686706
T. ORLANDO PEARSON
Georgia Bar No. 180406
100 Hartsfield Center Parkway, Suite 400
Atlanta, Georgia 30354
Phone: (770) 478-9950
Email: dmatricardi@dam.law
Email: cphe@dam.law
Email: tpearson@dam.law

*Counsel for Defendants Kandice Gardner, Andre Pitts, Jamal Hunter, and The City of Forest Park*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JASON CANTRELL,<br><br>Plaintiff,<br><br>vs.<br><br>KANDICE GARDNER, individually and in her official capacity;<br>ANDRE PITTS, individually and in his official capacity;<br>JAMAL HUNTER, individually and in his official capacity; and<br>THE CITY OF FOREST PARK,<br><br>Defendants. | CIV. ACTION NO. 1:26-CV-01638<br><br>The Honorable Eleanor L. Ross<br><br>**JURY TRIAL DEMANDED** |

**LOCAL RULE CERTIFICATION**

The undersigned certifies that this document was prepared in accordance with Local Rule 5.1 and that the ***Opposition to Counsel Plaintiff's Motion for Attorney's Fees*** has been filed using the CM/ECF system, which will notify the attorney(s) of record.

Respectfully submitted, this 18th day of November, 2026.

DENMARK ASHBY MATRICARDI LLC

T. ORLANDO PEARSON
Georgia Bar No. 180406

# EXHIBIT A

CITY OF FORESTPARK

**Vanessa Holiday, CMC**
City Clerk
745 Forest Parkway
Forest Park, GA 30297
Phone: (404) 366-4720
vholiday@forestparkga.gov

April 16, 2026

To Whom It May Concern:

I, Vanessa Holiday, City Clerk for the City of Forest Park, Georgia, certify that I am the keeper of said city's seal, minutes and records, and that the attached document is a true and accurate copy of the City of Forest Park Municipal Code of Ordinances Title 11, Chapter 5 – Noise (Sections 11.5.1 through 11.5.4).

I have hereunto affixed my official signature and the corporate seal of the City of Forest Park, Georgia this 16th day of April 2026.

Respectfully,

**Vanessa Holiday**
City Clerk
City of Forest Park

Sec. 11-5-1. - General prohibition.

It shall be unlawful for any person to make or cause to be made any loud, raucous or unusual noise which interferes with the comfort, repose and peace of others or which endangers the health or safety of others within the city in such a manner that such noise is plainly audible at a distance of one hundred (100) feet or more from the place where the noise is emanating from. Such noises as contemplated by this section shall include but not be limited to:

(1) The sounding of any horn, whistle, claxon, siren, audible signal device, bell or other similar device when such sound is not made in connection with a necessary alert, emergency situation or traffic warning;

(2) The discharge into open air of the exhaust of any steam engine, stationary internal-combustion engine, diesel engine, boat motor, motor vehicle, truck, motorcycle, motorbike, motor scooter, go-cart, or other vehicle except through a muffler or other device which will effectively prevent loud or explosive noises therefrom;

(3) The operation of a radio, phonograph or television at a volume which carries the sound beyond the boundaries of the premises on which the same is operated;

(4) Yelling, shouting, hooting, whistling or singing (except in places of worship);

(5) The keeping of any animal or fowl which makes a frequent or continuing sound;

(6) The use of any musical instrument or drums;

(7) The use of or operation of any mechanical device, blower, hydraulic device, machine or equipment;

(8) The erection, demolition, alteration or repair of buildings between the hours of 10:00 p.m. and 7:00 a.m.;

(9) The operation of grading or excavation equipment between the hours of 10:00 p.m. and 7:00 a.m.;

(10) The shouting, crying, ringing of bells or other sounds made or caused to be made by peddlers, hawkers and vendors;

(11) The dragging or hauling of any object which creates noise;

(12) Loud, unnecessary, unusual, or excessive noise between the hours of 10:00 p.m. and 7:00 a.m. in a residential area that disturbs the peace or quiet of any neighborhood or which causes discomfort or annoyance to any reasonable person of a normal sensitiveness residing in the area.

(Ord. No. 23-04, § 1(Exh. A), 6-20-2023; Ord. No. 24-07, § 1, 10-7-2024)

Sec. 11-5-2. - Solid waste collection.

It shall be unlawful for any person within any residential area, or within a radius of five hundred (500) feet therefrom, to load, unload, open or otherwise move about or handle boxes, crates, containers, garbage containers or other objects between the hours of 10:00 p.m. and 7:00 a.m. in such a manner that a reasonable person of normal sensitiveness residing in the residential area is caused discomfort, annoyance and denial of the reasonable use of property;

(Ord. No. 23-04, § 1(Exh. A), 6-20-2023)

Sec. 11-5-3. - Vehicle noise.

It shall be unlawful for any person within any residential area, or within a radius of five hundred (500) feet therefrom, to operate, run up or test any motor vehicle, truck tractor or machinery engine between the hours of 10:00 p.m. and 7:00 a.m. and which creates a noise of such a high level or of such a duration that a reasonable person of normal sensitiveness residing in the residential area is caused discomfort, annoyance and denial of the reasonable use of property. This subsection shall not apply to any vehicle being operated on an authorized place, street, road or highway in a manner not inconsistent with other noise ordinances or laws.

(Ord. No. 23-04, § 1(Exh. A), 6-20-2023)

**Editor's note—** Ord. No. 23-04, § § 1(Exh. A), adopted June 20, 2023, set out provisions intended for use as § 11-5-2. Inasmuch as there were already provisions so designated, said section has been codified herein as § 11-5-3 at the discretion of the editor.

Sec. 11-5-4. - Sound amplification devices.

Nothing in this chapter 5 shall be construed to prohibit the operation of a sound amplification device, whether stationary or attached to a vehicle, provided the same is operated under the terms and conditions as follows:

(1) Should any person desire permission to operate a sound amplification device for the purpose of advertising, soliciting, attracting attention, announcing a sporting event, or exercising the right of free speech as guaranteed by the United States Constitution, he shall be allowed to do so only after he has applied for and received a permit from the city; and such operation without such permit is declared unlawful.

(2) An application for a permit to operate a sound amplification device shall be in writing, filed with the city, and shall set forth the equipment to be used, the place or route to be followed, the intensity of sound level expected, the purpose of such use and the days and hours such use is desired.

(3)

The city shall consider such application at its earliest convenience and shall exercise its discretion after considering all pertinent facts. The city may require the applicant to demonstrate the equipment before issuing the permit. The city shall not withhold a permit so as to deprive any person of his constitutional rights, but shall have the right to control sound and noise emitted in the city for the general health and welfare of its citizens. Each permit issued shall be issued for a specific term.

(Ord. No. 23-04, § 1(Exh. A), 6-20-2023)

**Editor's note—** Ord. No. 23-04, § § 1(Exh. A), adopted June 20, 2023, set out provisions intended for use as § 11-5-2. Inasmuch as there were already provisions so designated, said section has been codified herein as § 11-5-4 at the discretion of the editor.

# EXHIBIT B

FOREST

# SOUND AMPLIFYING DEVICE PERMIT

**Issued To: Jason Cantrell**

**Issued Date: 06/27/2025**

**Location: 519 FOREST PARKWAY, FOREST PARK, GA 30297**

**Date: 07/01/2025 - 09/30/2025**

**Time: 08:00am-05:00pm**

If complaints are received about noise level, this Permit will become null and Void.

Kandice Gardner,
Financial Service Tech

6/27/25
Date

# EXHIBIT C

# INCIDENT/INVESTIGATION REPORT

| | |
|---|---|
| Agency Name | *Forest Park Police Department* |
| ORI | *GA 0310200* |
| Case# | *25-005503* |
| Date / Time Reported | *07/31/2025 08:45 Thu* |
| Last Known Secure | *07/31/2025 08:45 Thu* |
| At Found | *07/31/2025 08:45 Thu* |

**INCIDENT DATA**

| Location of Incident | Gang Relat | Premise Type | Beat/Team |
|---|---|---|---|
| *519 FOREST PKWY Apt. 100, Forest Park GA* | NO | *Drug Store/doctors* | B5 |

| # | Crime Incident(s) | (Com) | Weapon / Tools | Activity | Entry | Exit | Security |
|---|---|---|---|---|---|---|---|
| #1 | *Co-noise Violation 11-1-26* | M | | | | | |
| #2 | Crime Incident ( ) | | | | | | |
| #3 | Crime Incident ( ) | | | | | | |

MO:

**VICTIM**

# of Victims *1* Type: SOCIETY Injury: Domestic: NO

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB / Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | *State Of Georgia* | *1,* | | | | | | |

Home Address: Email: Home Phone:
Employer Name/Address: Business Phone: Mobile Phone:

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHERS INVOLVED**

CODES: V- Victim (Denote V2, V3) WI = Witness IO = Involved Other RP = Reporting Person (if other than victim)

Type: Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB / Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Home Address: Email: Home Phone:
Employer Name/Address: Business Phone: Mobile Phone:

Type: Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB / Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Home Address: Email: Home Phone:
Employer Name/Address: Business Phone: Mobile Phone:

**PROPERTY**

1 = None 2 = Burned 3 = Counterfeit / Forged 4 = Damaged / Vandalized 5 = Recovered 6 = Seized 7 = Stolen 8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Officer/ID# *HUNTER, J. (UNIF, B) (1609)*

Invest ID# *(0)* Supervisor *SPARKS, B. R. (UNIF, A) (1465)*

Status: Complainant Signature — Case Status *Released On Copy* *07/31/2025* — Case Disposition:

# INCIDENT/INVESTIGATION REPORT

*Forest Park Police Department*

Case # *25-005503*

Status Codes 1 = None 2 = Burned 3 = Counterfeit / Forged 4 = Damaged / Vandalized 5 = Recovered 6 = Seized 7 = Stolen 8 = Unknown

| DRUGS | IBR | Status | Quantity | Type Measure | Suspected Type | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:

NARRATIVE

# REPORTING OFFICER NARRATIVE

| Forest Park Police Department | | OCA 25-005503 |
|---|---|---|
| Victim: *Society* | Offense: *CO-NOISE VIOLATION* | Date / Time Reported: *Thu 07/31/2025 08:45* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

On 7/31/25 at approximately 0845 hours, I, K9 Cpl. Hunter, was working off-duty at 519 Forest Parkway. The staff contacted me to report a protester outside using a sound amplification device.
I made contact with the protester, identified as Jason Cantrell. I requested that he turn the device down, not off. He became hostile and demanded to speak with a supervisor. I then called Lt. Pitts via radio. Upon his arrival, I handed the scene over to him.

I asked Cantrell if he had a valid written permit from the city. He showed me a permit, which included a note at the bottom stating that the permit becomes null and void upon a noise complaint.

Following Lt. Pitts' instructions, I advised Cantrell to turn down the device. He refused and stated he would not comply. As Lt. Pitts issued a warning to Cantrell and we were walking away, Cantrell turned the device back on at the same volume.

I was then instructed to issue a citation. Cantrell was issued a city ordinance citation for a noise violation. My Body-Worn Camera was active during this interaction.

No further action was taken.

# Incident Report Suspect List

*Forest Park Police Department*

OCA: *25-005503*

| # | Name (Last, First, Middle) | Also Known As | Home Address |
|---|---|---|---|
| 1 | *CANTRELL, JASON WESLEY* | | *3405 ASHWOOD LN ATLANTA, GA 30341-4500 478-987-2035* |

Business Address *BMC 678-200-8068, 200 KELLWOOD DR PERRY, GA*

| DOB | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State |
|---|---|---|---|---|---|---|---|---|---|---|
| *12/30/1975* | *49* | *W* | *M* | *N* | *509* | *165* | *BLN* | *BLU* | *LGT* | *038509590 GA* |

Scars, Marks, Tattoos, or other distinguishing features

| *Reported Suspect Detail* Suspect Age | Race | Sex | Eth | Height | Weight | SSN |
|---|---|---|---|---|---|---|
| | | | | | | |

| Weapon, Type | Feature | Make | Model | Color | Caliber | Dir of Travel / Mode of Travel |
|---|---|---|---|---|---|---|
| | | | | | | |

| Veh Yr / Make / Model | Drs | Style | Color | Lic Plate / State | VIN |
|---|---|---|---|---|---|
| | | | | | |

Notes

Physical Char

# EXHIBIT D

DDS-32 (01/10)

GEORGIA
UNIFORM TRAFFIC CITATION, SUMMONS, AND ACCUSATION

25005503 (Case Number) GA0310200 (NCIC No) 723080 (Citation Number)

FOREST PARK, GEORGIA - DEPARTMENT OF POLICE SERVICES
320 Cash Memorial Blvd • Forest Park, GA 30297

Section I Violator

Upon Month July (Day) 31 (Year) 2025 at 09:03 ☒ AM ☐ PM

Operator License Number 038509590

License Class and Type C State GA Endorsements ____ Expires ____

Name CANTRELL (Last) JASON (First) WESLEY (Middle)

Address 3405 ASHWOOD LN Phone (478) 987-2035

City ATLANTA State GA Zip Code 30341450

Business Address 200 KELLWOOD DR PERRY, GA Phone (678) 200-8068

DOB 12/30/1975 Hair BLN Hgt 5'09 Wgt 165 Sex M Eyes BLU Race W

Veh. Yr ____ Make ____ Model ____ Color ____

Registration No ____ Yr ____ State ____

CDL ☐ YES ■ NO ACCIDENT ☐ YES ■ NO INJURIES ☐ YES ■ NO FATALITIES ☐ YES ■ NO

Section II Violation

☐ 2-LANE ROAD ☐ DRIVER REQUESTED ACCURACY CHECK ☐ VASCAR ☐ LASER ☐ RADAR

Within the State of Georgia, did commit the following offense SPEEDING - Clocked by ☐ PATROL VEHICLE ☐ OTHER

(Serial # ____ Calibration/Check ____) at ____ MPH in a ____ zone

☐ DUI (Test Administered ☐ BLOOD ☐ BREATH ☐ URINE ☐ OTHER ) DUI Test Results ____

TEST ADMINISTERED BY (If Applicable) ____

OFFENSE (Other than above) CO-NOISE VIOLATION

In Violation of Code Section 11-1-26 of ☐ State Law ■ Local Ordinance

REMARKS used sound amplification devices was asked 3 time to turn it down and refused to.

☐ Companion Case Citation Number ____ Agency Case Number 25-005503

Section III Location

| WEATHER | (A) ROAD | (B) | TRAFFIC | LIGHTING | COMMERCIAL VEHICLE INFORMATION |
|---|---|---|---|---|---|
| ■ Clear | ■ Dry | ☐ Concrete | ■ Light | ■ Daylight | ☐ 16+ Passengers |
| ☐ Cloudy | ☐ Wet | ■ Blacktop | ☐ Medium | ☐ Darkness | ☐ Commercial Vehicle Violation |
| ☐ Raining | ☐ Ice | ☐ Dirt | ☐ Heavy | ☐ Other | ☐ Hazardous Material Violation |
| ☐ Other | ☐ Other | ☐ Other | | | |

County of CLAYTON and ____ miles ____ of (City) FOREST PARK

on 519 FOREST PKWY at or near mile post 100 or within (city) FOREST PARK

at/on (secondary location) ____

OFFICER (Print) HUNTER, JAMAL Badge # 1609 Div UNIF

Section IV Summons

You are hereby ordered to appear in Court to answer this charge on the 12 day of November 2025 at 01:00 ☐ AM ■ PM in the MUNICIPAL Court at 320 CASH MEMORIAL BLVD

City FOREST PARK Georgia 30297

**NOTICE:** This citation shall constitute official notice to you that failure to appear in Court at the date and time stated on this citation to dispose of the cited charges against you shall cause the designated Court to forward your driver's license number to the Department of Driver Services, and your driver's license shall be suspended. (Georgia Code 17-6-11 and 40-5-56) The suspension shall remain in effect until such time as there is a satisfactory disposition in this matter or the Court notifies the Department of Driver Services.

LICENSE DISPLAYED IN LIEU OF BAIL ■ YES ☐ NO RELEASED TO SELF

SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME

SIGNATURE Refused

Section V Officer Certification

ARRESTING OFFICER'S CERTIFICATION

The undersigned has just and reasonable grounds to believe, and does believe, that the person named herein has committed the offense set forth, contrary to law

SIGNATURE ____ (Signature of Arresting Officer) Badge # ____

AUTHORIZED AND APPROVED PURSUANT TO CODE 40-13-1 - D.D.S. REG. 375-3-4-.01

COURT COPY

DATE ____ COURT ACTION AND OTHER ORD

The within complaint has been exam[illegible] nd there is probable cause for filing the same. Leave is hereby granted file the complaint.

Complaint filed ____

Bail fixed at $ ____ or cash deposit of $ ____

Signature of [illegible] ail ____ Signature of person giving bail

Fine in the Amount of $ ____ received as required by court sche

Signature of Clerk

Continuance to ____ Reason ____

Continuance to ____ Reason ____

Warrant Issued ____ Warrant Served ____

Waives Trial by Jury ____

ON ARRAIGNMENT, THE DEFENDANT PLEADS ____

APPEARANCE, PLEA OF GUILTY AND WAIVER

I, ____ have been advised that I am being charged w ____ and that the maximum punishment that I can receive ____ months imprisonment and/or a $ ____ fine

I have been advised of my rights to be represented by counsel and have counsel appointed to represent me if I am indiger plead not guilty and be tried by a jury or a judge, confront the witnesses against me, and, not give incriminating eviden against myself. I hereby waive these rights, state that I have not been induced by any threat or promise to enter this plea ar do freely and voluntarily enter my plea of Guilty.

This ____ day of ____, ____

Accused ____

I, ____ have advised the above-named accused as indicated abo of his/her rights, the nature of the case aginst him/her and the possible consequences of the plea as entered. I satisfied that there is a factual basis for the guilty plea which the accused has entered and that it was entered freely ar voluntarily with understanding of the nature of the charge and the consequences of the plea.

____ Jud

DISPOSITION AND SENTENCE

Court ____ City ____

Defendant Pleads: ☐ (2) Guilty ☐ Not Guilty ☐ (4) Nolo Cont'd

Trial: ☐ Jury ☐ Court Adjudicated ☐ (1) Guilty ☐ Not Guilty

Other Action ☐ (2) Bond Forfeiture ☐ Nolo Prossed ☐ No Bill ☐ No Record

Sentence Amount Fine/Forfeiture $ ____

____ Days (Months) in jail ____ Traffic School ____ Days (Months) Probation

Other Order ____

Appeal Bond of $ ____ Filed (for ____

Appeal to ____ C

As provided by law, I hereby certify that the information on this ticket is a true abstract of the record of this court or bure in this case

DISPOSITION DATE ____ Signature of Judge or Clerk

# EXHIBIT E

NG
FO

# MUNICIPAL COURT CITY OF FOREST PARK DISPOSITION

| Defendant: Jason Wesley Cantrell | Case #: 25005503 |
|---|---|

| | OFFENSE | | CITATION | PLEA | ADJ | Fines and Fees |
|---|---|---|---|---|---|---|
| Ct. 1 | 11-1-26 | NOISE VIOLATION | T00723080 | | | Ø $145.00 |
| | No Officer Nolle Pros Per City | | | | | |
| | | | | | | |
| | | | | Total: | | Ø $145.00 |

**Whereas the above stated disposition has been made of the offense(s) against the above named Defendant, it is ordered that:** ✓ The defendant is sentenced to confinement in the Clayton County Jail for a period of ________ [ ]days [ ]months on each count

_______ Said sentence to be suspended upon the following conditions: **PAYMENT OF TOTAL FINE.**
_______ Upon service of __________ of said sentence in confinement, the defendant shall be released to complete the balance on probation
_______ Said sentence to be served on **work release**
_______ Said sentence may be served on **weekends**
✓ Interpreter fees $________ Restitution $ ________ Court Cost $________
✓ Other: Dismissed Per City
_______ Said sentence is commuted to time served
_______ ALL OF SAID SENTENCE TO BE SERVED ON PROBATION

**CONDITIONS OF PROBATION**

The Defendant having been granted the privilege of serving all or part of the above stated sentence on probation, is hereby sentenced to the following conditions;

1. Pay a monthly probation supervision fee of $45.00 per month and a one time file setup fee of $9.00.
2. Pay a monthly crime victims compensation program fee of $9.00.
3. Pay all fines within ________ months at a rate of ________.00 per month.
4. Do not violate the laws of any governmental unit.
5. Report to your probation supervisor as directed and permit such supervisor to visit him/her at home or elsewhere.
6. Work faithfully at suitable employment insofar as may be possible.
7. Do not change present address, move outside the jurisdiction of the Court, or leave the State without permission of the probation supervisor.
8. Support your legal dependants to the best of your ability.
9. Avoid injurious and vicious habits.
10. Upon request of probation officer, produce or submit to a breath, urine and or blood specimen for analysis for the possible presence of any substance prohibited or controlled by any law at a rate payable to the probation department of 15.00 per screen.
11. Successfully complete ________ hours of community service at a non-profit organization.
12. Complete a DUI Risk Reduction Course and/or Drug Risk Reduction Course.
13. Other: ____________________

Defendant was represented by the Michael Lambros Attorney

IT IS FUTHER ORDERED OF THE COURT and the Defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and or discharge the Defendant from probation. The Probationer shall be subject to arrest for violation of any condition herein imposed. If such probation is revoked, the Court may order the execution of the balance of the sentence which was originally imposed or any portion thereof in the manner provided by law. Probation may be terminated upon completion of all conditions of probation.

**IT IS ORDERED.**

~~11/12/2025~~ 3/4/26
DATE

Donald Freeman
JUDGE, MUNICIPAL COURT OF FOREST PARK

ACKNOWLEDGEMENT OF SERVICE

This is to certify that a true and correct copy of this sentence has been delivered in person to the Defendant/Probationer who acknowledges service and acknowledges that he/she was instructed regarding the conditions set forth.

| DATE | PROBATIONER | PROBATION OFFICER |
|---|---|---|

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JASON CANTRELL,<br><br>Plaintiff,<br><br>vs.<br><br>KANDICE GARDNER, individually and in her official capacity;<br>ANDRE PITTS, individually and in his official capacity;<br>JAMAL HUNTER, individually and in his official capacity; and<br>THE CITY OF FOREST PARK,<br><br>Defendants. | CIV. ACTION NO. 1:26-CV-01638<br><br>The Honorable Eleanor L. Ross<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF T. ORLANDO PEARSON, ESQ.**

COMES NOW T. Orlando Pearson, Esq, and, under penalty of perjury, and further declares as follows:

1. My name is Todd Orlando Pearson, and I am over the age of twenty-one (21) and am competent, in all aspects, to make this Affidavit, which I do freely upon personal knowledge.

2. I have personal knowledge of each statement made in this Declaration, which is given in opposition to Plaintiff Jason Cantrell's Motion for Attorney's Fees.

3. After graduating with High Honor from the Georgia Institute of Technology, I obtained my Juris Doctorate from the University of Georgia School of Law. Subsequently, I served as an Assistant District Attorney for the State of Georgia, Federal Law Clerk in the United States District Court for the Southern District of Georgia, and Staff Attorney in the Superior Court of Fulton County, Georgia. Additionally, I have practiced law with several law firms in the State of Georgia, including, but not limited to, Wargo French Singer, Oliver Maner LLP, and currently Denmark Ashby Matricardi LLC ("Denmark Ashby Matricardi" or "Law Firm").

4. As Of Counsel at Denmark Ashby Matricardi, I am responsible for, *inter alia*, representing the Firm's clients in an assortment of legal proceedings and transactions, day-to-day operations, as well as client relations and business development. Moreover, I organize, maintain, and keep certain documents, records, and communications related to the operation of the Law Firm and the representation of clients. Said documents, records, and communications are organized, maintained, and kept in the regular course of the Law Firm's business. In this regard, it is the regular course of business for me (and other Law Firm employees with knowledge of the Law Firm's documents, records, and

communications) to record and/or transmit information included in such documents, records, and communications at or near the time of the act, event, order, transaction, condition, opinion, invoice, photograph, recording, or diagnosis memorialized in the documents, records, and/or communications. As part of my duties and responsibilities as Of Counsel, I possess and/or have access to said records. Thus, any record attached hereto is either original or an exact duplicate of the original document, record, and/or communication.

5. Currently, Denmark Ashby Matricardi utilizes Clio, a cloud-based legal software system, that performs various practice management tasks, including, but not limited to, client intake, contact management, calendaring, document management, timekeeping, billing, and trust accounting. Likewise, Denmark Ashby Matricardi utilizes Microsoft Outlook, an e-mail client and information manager that combines e-mail, calendars, contacts, and other organizational software across desktops, mobile devices, and cloud-based platforms. In this regard, I am familiar with the operation of these systems, which I use daily as a part of my legal practice.

6. Denmark Ashby Matricardi serves as the City Attorney for the City of Forest Park, Georgia ("City" or "Forest Park"). As the City Attorney

appointed pursuant to the City Charter, the Firm provides professional services to the City in all legal matters, contracts, and matters of municipal governance. Additionally, the Firm represents the City in legal proceedings in Federal and State courts.

7. The City enacted a Noise Ordinance, wherein the City regulates noise emission consistent with First Amendment guarantees for the general health and welfare of the citizens of Forest Park.

8. Dating back to at least 2025, the City issued Plaintiff permits to the Noise Ordinance, allowing Cantrell to engage in First Amendment activities in the City.

9. On or about March 30, 2026, Jason Cantrell ("Cantrell" or "Plaintiff") commenced litigation against Forest Park and other City employees, in the U.S. District Court for the Northern District of Georgia, Civil Action Number 1:26-cv-01638 ("Litigation"). Generally, Plaintiff complains about a citation pursuant to the City's Noise Ordinance when Plaintiff failed to reasonably reduce the volume of a sound amplification device when engaging in First Amendment activities outside a healthcare facility in Forest Park. From this general allegation, Plaintiff asserts free speech and freedom of religion claims against the City.

10. Prior to the commencement of the Litigation, Counsel for Plaintiff did not contact the City Attorney concerning the alleged events forming the basis of the Litigation. Likewise, Counsel for Plaintiff did not communicate with the City Attorney concerning any alleged challenges to the enforcement of the City's Noise Ordinance or purported violations of Plaintiff's First Amendment rights. Finally, Counsel for Plaintiff did not attempt to engage in dispute resolution or seek relief concerning the events forming the basis of the Litigation.

11. When receiving a copy of the complaint and process in the Litigation, the City Attorney first learned about the purported events forming the basis of the Litigation. Obviously, the City Attorney communicated with City officials and employees to gather records and information concerning the allegations forming the basis of the Litigation. And, because of the pending responsive pleading deadline, the City Attorney began preparing responsive pleadings and a response to the motion for preliminary injunction.

12. Although the City had not infringed upon or violated Plaintiff's rights, upon investigating the matter, on or about April 16, 2026, the City Attorney instructed City officials to remove the following language from permits to operate and/or utilize amplification devices: "If complaints

are received about noise level, this Permit will become null and Void." That same day, the City Attorney began to revise the City's application form for sound amplification permits and began to review and analyze the corresponding Noise Ordinance language.

13. Meanwhile, on April 20, 2026, the City Attorney sent Counsel for Plaintiff an e-mail, asking to discuss a potential resolution of the Litigation without needless litigation. (Ex. A, Resolution Discussion E-mail Thread).[1]

14. At the invitation of the City Attorney, on April 21, 2026, Counsel for the parties to the Litigation held conference to discuss a potential resolution without needless litigation. (Ex. A, Resolution Discussion E-mail Thread). During the discussion, the City Attorney advised Counsel for Plaintiff that the City no longer includes the challenged language in sound permits and stated a willingness to memorialize those voluntary actions. (Id.). Additionally, the City Attorney advised Counsel for Plaintiff of the forthcoming responsive pleading, filed for the purpose of complying with the Federal Rules of Civil Procedure. (Id.).

---

[1] Attached hereto, and expressly incorporated herein, as "Exhibit 1" is a true and correct copy of the Resolution Discussion E-mail Thread.

15. Consistent with the stated desire to resolve the Litigation without needless litigation, on or about April 23, 2026, the City agreed to the Joint Notice of Stipulation, wherein the City agreed to issue Plaintiff another permit, without a complaint restriction.

16. Likewise, consistent with the stated desire to resolve the Litigation without needless litigation, on April 27, 2026, the City agreed to stay the Litigation while the parties continued to engage in settlement discussions.

17. On May 5, 2026, the City Attorney sent Counsel for Plaintiff an e-mail, containing the newly-issued permit for Plaintiff to engage in First Amendment activities in Forest Park. (Ex. G, E-mail and Permit).[2]

18. Subsequently, the City Attorney and Counsel for Plaintiff engaged in settlement discussions—on June 24, 2026, Counsel for Plaintiff thanked the City for efforts to resolve the dispute and willingness to work in good faith toward an amicable resolution.

19. On or about July 21 2026, without a request or prompting from Plaintiff, the City Attorney voluntarily drafted an amended Section 11-5-4 (Sound Amplification Devices) of the Noise Ordinance. Following review and

[2] Attached hereto, and expressly incorporated herein, as "Exhibit 2" is a true and correct copy of the E-mail and Permit.

consultation with City Officials, the City Council adopted Ordinance No. 2026-13 on July 20, 2026, adopting amendments to Section 11-5-4, including new procedures for the application, suspension, and revocation of sound amplification permits on permit holders' procedural due process rights.[3]

20. On or about July 21, 2026, Counsel for the parties agreed, in principle, to a framework resolving the issues forming the basis of the Litigation, save Counsel for Plaintiff's request for attorney's fees.

21. With an agreed upon settlement agreement in place, Counsel for the parties began working on a proposed consent judgment for the Court's consideration in the Litigation. In this regard, on September 1, 2026, the City filed a notice of settlement in the Litigation. After Counsel for the parties agreed upon a proposed consent judgment, on October 2, 2026, the City filed a motion for entry of the proposed consent judgment.

22. On October 8, 2026, the Court entered the proposed consent judgment submitted by the parties in the Litigation.

*[SIGNATURE AND ON THE FOLLOWING PAGE]*

---

[3] https://library.municode.com/ga/forest_park/ordinances/code_of_ordinances?nodeId=1436444.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

THIS 18th DAY OF NOVEMBER, 2026.

______________________________
TODD ORLANDO PEARSON, ESQ.

# EXHIBIT 1

Outlook

## Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

**From** Nathan Moelker <nmoelker@aclj.org>
**Date** Thu 4/23/2026 9:06 AM
**To** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>

Mr. Pearson,

In light of the expedited timeframe, we'd like to get this filed as soon as possible. Can you give us authorization to add your signature with a /s/ for you and we'll get this on the docket this morning? Thank you.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Wednesday, April 22, 2026 5:17 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Pearson,

Thank you for your edits. Everything is looking great, just a small handful of very minor corrections. Thank you!

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Wednesday, April 22, 2026 1:41 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Moelker,

Thank you for your prompt attention to this matter.

Please find our suggested revisions and let me know your thoughts. Also, in light of the MTD filed yesterday, we would be agreeable to a stay and/or extension of the response deadline while the parties work towards a global settlement. Simply put, to the extent everyone is working toward a resolution, I see no need to expand these proceedings. What are your thoughts?

Let me know if you would like to further discuss. Thank you for your time and consideration. Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice This e mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s) This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges It constitutes non public information intended to be conveyed only to the designated recipient(s) If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e mail and promptly delete this e mail, including attachments, without reading or saving it in any manner The unauthorized use, dissemination, distribution, or reproduction of this e mail, including attachments, is prohibited and may be unlawful Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege In the absence of an executed fee agreement or engagement letter, there is no attorney client relationship created by this communication If you have received this e mail in error, please immediately notify the sender of the e mail or call (770) 478 9950

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Tuesday, April 21, 2026 3:52 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Thank you,
Nathan

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Tuesday, April 21, 2026 2:52 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Counsel,

Thank you again for taking the time to discuss a potential resolution of this matter.

[redacted]

[redacted] Obviously, with the tight deadlines, we will need to work aggressively to obviate the need for injunction litigation. Again, because the City is required to file a responsive pleading, please advise your client to not interpret the responsive pleading as the City's unwillingness to continue good faith discussions. Rather, we are simply complying with the Rules to ensure the City does not fall into default.

Again, thank you for your time and consideration. We await your proposal. Have a great day.

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, April 20, 2026 2:37 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Pearson,

Sounds good. Would 2pm EST tomorrow work for a call together? Looking forward to connecting.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, April 20, 2026 1:27 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Moelker,

Thank you for your prompt response and willingness to exploring a potential resolution.  Giving the timelines, I still believe a discussion could be productive.  What days/times are you available this week.  Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120

100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**

Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, April 20, 2026 12:58 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Dear Counsel:

Thank you for reaching out. We are always open to exploring a resolution and would welcome the opportunity to speak.

[redacted]

If this does not work, we remain open to a conversation once the briefing and hearing have concluded.

Best regards,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, April 20, 2026 10:53 AM
**To:** aekonomou@outlook.com <aekonomou@outlook.com>; lharrel@aclj.org <lharrel@aclj.org>; Nathan Moelker <nmoelker@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Counsel,

Hope you are doing well.

As you know, I recently appeared in this matter. Per my standard practice, I often find it fruitful to explore potential resolutions, when possible, without the need for protracted litigation. To that end, please let me know if you have some time to discuss this matter this week.

Thank you in advance for your time and consideration. Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

# EXHIBIT 2

Outlook

## Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

**From** T. Orlando Pearson <tpearson@dam.law>
**Date** Tue 5/5/2026 2:12 PM
**To** Nathan Moelker <nmoelker@aclj.org>; Andrew Ekonomou <aekonomou@outlook.com>
**Cc** Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>

1 attachment (36 KB)
Jason Cantrell Sound Permit.pdf;

Counsel,

Hope you are doing well.

Please find the permit that was issued today by the City. Let me know if you have any issues. Hopefully, this resolves this portion of the litigation.

How would you like to proceed with a resolution of the remainder of the litigation? Thank you for your time and consideration. Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice This e mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s) This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges It constitutes non public information intended to be conveyed only to the designated recipient(s) If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for

delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Tuesday, May 5, 2026 12:45 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; Andrew Ekonomou <aekonomou@outlook.com>
**Cc:** Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel,

Hope you are well. Just got off the phone with the City concerning this matter. Although it typically takes a little time to obtain signatures, they will expedite the process. Hopefully, I will have the permit by COB tomorrow, and I can provide it to you at that time. Thank you for being patient and working with us on this matter. Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver

of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Tuesday, May 5, 2026 12:24 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; Andrew Ekonomou <aekonomou@outlook.com>
**Cc:** Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Thank you Counsel, we look forward to hearing from you.

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Tuesday, May 5, 2026 12:20 PM
**To:** Andrew Ekonomou <aekonomou@outlook.com>; Nathan Moelker <nmoelker@aclj.org>
**Cc:** Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel,

Hope you are doing well. I was asking about a potential application for purposes of discussions with the City. That said, I am communicating with the City in order to get the permit without the need for an application. Hope to have additional information in the very near future. Please remain patient and I thank you for working with us. Have a good day!

**T. Orlando Pearson,** Of Counsel

*Where Local Governments Turn for Legal Insight*

Denmark Ashby & Matricardi
ATTORNEYS

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120

100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

**Connect With Us:**

Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Andrew Ekonomou <aekonomou@outlook.com>
**Sent:** Monday, May 4, 2026 8:37 PM
**To:** Nathan Moelker <nmoelker@aclj.org>
**Cc:** T. Orlando Pearson <tpearson@dam.law>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

[redacted]

Sent from my iPhone

On May 4, 2026, at 7:29 PM, Nathan Moelker <nmoelker@aclj.org> wrote:

Thanks, Mr. Pearson, for checking into that. Mr. Cantrell hasn't applied for a new permit. It's our understanding of the terms of the stipulation that he'd be issued a new permit without having to apply for one. Please advise.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, May 4, 2026 5:32 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Mr. Moelker,

Hope you are doing well. Let me check into the permit. Has he applied for a new permit since the stipulation?

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*
<Outlook-nae32a4g.png>

**<Outlook-A black an.png>**
<Outlook-12c6c12b63.png>

**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120

100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

<Outlook-fxrxtpnu.png>

**Connect With Us:**

Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, May 4, 2026 1:56 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel,

Hope you are doing well. Writing to check in on the status of the issuance of our client's new permit pursuant to our agreement. Our client indicated to us on Friday he has not received one yet, and so we wanted to check in. Thank you!

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, April 27, 2026 11:23 AM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Yes.

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*
<Outlook-uub4hwwo.png>

**<Outlook-A black an.png>**
<Outlook-12c6c12b63.png>
**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354
<Outlook-lc4kmqoh.png>
**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, April 27, 2026 10:55 AM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Great, I think we can get this filed today. Do we have your consent to add your signature and get this on the docket today?

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, April 27, 2026 10:53 AM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Good morning. We are agreeable with the 60-day period and the other revisions. Please let me know if you need anything additional from my end. Have a great day.

**T. Orlando Pearson,** Of Counsel

*Where Local Governments Turn for Legal Insight*

<Outlook ydku3y3h.png>

**<Outlook-A black an.png>**

<Outlook 12c6c12b63.png>

**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120

100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

<Outlook mit5wqe3.png>

**Connect With Us:**

Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice This e mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s) This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges It constitutes non public information intended to be conveyed only to the designated recipient(s) If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e mail and promptly delete this e mail, including attachments, without reading or saving it in any manner The unauthorized use, dissemination, distribution, or reproduction of this e mail, including attachments, is prohibited and may be unlawful Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege In the absence of an executed fee agreement or engagement letter, there is no attorney client relationship created by this communication If you have received this e mail in error, please immediately notify the sender of the e mail or call (770) 478 9950

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, April 27, 2026 10:40 AM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel, hope you are well. Writing to circle back regarding the stay issue and nailing this down. Thank you for your time.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Thursday, April 23, 2026 5:26 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel,

[redacted]

[redacted]

[redacted]

[redacted]

Sincerely,

Nathan Moelker

**Nathan J. Moelker**

*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Thursday, April 23, 2026 3:46 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel,

[redacted]

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*
<Outlook oumiszst.png>

**<Outlook-A black an.png>**
<Outlook 12c6c12b63.png>
**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354
<Outlook or2jyd5n.png>
**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Thursday, April 23, 2026 12:03 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Thank you Counsel. We have filed the notice and will call the courtroom deputy to advise her of the same. We are in agreement that such a stay would be appropriate. We have drafted the attached Motion for Stay and Proposed Order for your consideration. Happy to discuss the particulars further as may be necessary. Have a good weekend.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received

this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Thursday, April 23, 2026 11:08 AM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Joint Stipulation and Withdrawal of Motion for Injunction

Counsel,

Hope you are well.

My apologies for the delay, I have been trial/hearing prep. I've accepted all revisions, with very minor tweak and the inclusion of a citation, stating that the Northern District favors parties' stipulations. If you are in agreement, you can finalize and file.

Based on the tight deadlines in the Northern District, we would not oppose an extension to the response-deadline to the MTD, so the parties can continue working toward a global final resolution. Let me know your thoughts. Thank you for your time and consideration. Have a great day.

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*
<Outlook-e4jqj2hs.png>

**<Outlook-A black an.png>**
<Outlook-12c6c12b63.png>
**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354
<Outlook-ouvifka1.png>
**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Thursday, April 23, 2026 9:06 AM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Pearson,

In light of the expedited timeframe, we'd like to get this filed as soon as possible. Can you give us authorization to add your signature with a /s/ for you and we'll get this on the docket this morning? Thank you.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Wednesday, April 22, 2026 5:17 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Pearson,

Thank you for your edits. Everything is looking great, just a small handful of very minor corrections. Thank you!

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Wednesday, April 22, 2026 1:41 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Moelker,

Thank you for your prompt attention to this matter.

Please find our suggested revisions and let me know your thoughts. Also, in light of the MTD filed yesterday, we would be agreeable to a stay and/or extension of the response deadline while the parties work towards a global settlement. Simply put, to the extent everyone is working toward a resolution, I see no need to expand these proceedings. What are your thoughts?

Let me know if you would like to further discuss. Thank you for your time and consideration. Have a great day!

**T. Orlando Pearson,** Of Counsel

*Where Local Governments Turn for Legal Insight*
<Outlook-tyvfy3v4.png>

**<Outlook-A black an.png>**
<Outlook-12c6c12b63.png>
**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354
<Outlook-opqmctke.png>
**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Tuesday, April 21, 2026 3:52 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Thank you,
Nathan

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Tuesday, April 21, 2026 2:52 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**T. Orlando Pearson,** Of Counsel

*Where Local Governments Turn for Legal Insight*

<Outlook macmgcz3.png>

**<Outlook-A black an.png>**

<Outlook 12c6c12b63.png>

**Office:** 770.478.9950 | **Direct:** 770.692.2024 ext. 120

100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354

<Outlook ntaxkhop.png>

**Connect With Us:**

Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice This e mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s) This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges It constitutes non public information intended to be conveyed only to the designated recipient(s) If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e mail and promptly delete this e mail, including attachments, without reading or saving it in any manner The unauthorized use, dissemination, distribution, or reproduction of this e mail, including attachments, is prohibited and may be unlawful Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege In the absence of an executed fee agreement or engagement letter, there is no attorney client relationship created by this communication If you have received this e mail in error, please immediately notify the sender of the e mail or call (770) 478 9950

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, April 20, 2026 2:37 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Pearson,

Sounds good. Would 2pm EST tomorrow work for a call together? Looking forward to connecting.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, April 20, 2026 1:27 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Mr. Moelker,

Thank you for your prompt response and willingness to exploring a potential resolution.  Giving the timelines, I still believe a discussion could be productive.  What days/times are you available this week.  Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*
<Outlook esvzqzam.png>

**<Outlook-A black an.png>**
<Outlook 12c6c12b63.png>
**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354
<Outlook 5r1kwdr4.png>

**Connect With Us:**

Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Monday, April 20, 2026 12:58 PM
**To:** T. Orlando Pearson <tpearson@dam.law>; aekonomou@outlook.com <aekonomou@outlook.com>; Christy Compagnone <ccompagnone@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Re: Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Dear Counsel:

Thank you for reaching out. We are always open to exploring a resolution and would welcome the opportunity to speak.

As you know, however, we have a reply brief due in four days and a hearing scheduled for next week for our preliminary injunction motion. Given that timeline, any conversation this week would likely require your clients' consent to our motion, i.e., to stay enforcement of the Complaint Restriction contained in the amplification permits that withdraws the permit based on complaints. If that is something your clients are prepared to discuss, please let us know and we can make ourselves available at an agreeable time.

If this does not work, we remain open to a conversation once the briefing and hearing have concluded.

Best regards,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

**<image.png>**

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** T. Orlando Pearson <tpearson@dam.law>
**Sent:** Monday, April 20, 2026 10:53 AM
**To:** aekonomou@outlook.com <aekonomou@outlook.com>; lharrel@aclj.org <lharrel@aclj.org>; Nathan Moelker <nmoelker@aclj.org>
**Cc:** Danielle Matricardi <dmatricardi@dam.law>; Len Phe <cphe@dam.law>; Gio Pinzon <gpinzon@dam.law>
**Subject:** Cantrell v. Forest Park - 1:26-cv-01638 - Resolution Discussion

Counsel,

Hope you are doing well.

As you know, I recently appeared in this matter. Per my standard practice, I often find it fruitful to explore potential resolutions, when possible, without the need for protracted litigation. To that end, please let me know if you have some time to discuss this matter this week.

Thank you in advance for your time and consideration. Have a great day!

**T. Orlando Pearson,** Of Counsel
*Where Local Governments Turn for Legal Insight*
<Outlook-2mqnnq33.png>

**<Outlook-A black an.png>**
<Outlook-12c6c12b63.png>
**Office:** 770.478.9950 | **Direct**: 770.692.2024 ext. 120
100 Hartsfield Centre Pkwy, Suite 400, Atlanta, Georgia 30354
<Outlook-qirmn0vf.png>
**Connect With Us:**
Website | Facebook | X (Twitter) | LinkedIn |

Confidentiality Notice: This e-mail, including attachments, contains information from the law firm of Denmark Ashby Matricardi and is intended solely for the use of the named recipient(s). This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for

delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.

# EXHIBIT G

# SOUND AMPLIFYING DEVICE PERMIT

CITY OF FOREST PARK

**Issued To: Jason Cantrell**

**Issued Date: 12/30/2025**

**Location: 519 Forest Parkway, Forest Park, Ga, 30297**

**Date: 01/07/2026 - 04/07/2026**

**Time: 08:00am-05:00pm**

If complaints are received about noise level, this Permit will become null and Void.

Kandice Gardner
Kandice Gardner,
Financial Service Tech

12/30/25
Date

# SOUND AMPLIFYING DEVICE PERMIT

CITY OF FORESTPARK

**Issued To: Jason Cantrell**

**Issued Date: 10/02/2025**

**Location: 519 Forest Parkway, Forest Park, Ga, 30297**

**Date: 10/06/2025 - 01/06/2026**

**Time: 08:00am-05:00pm**

If complaints are received about noise level, this Permit will become null and Void.

Kandice Gardner

Kandice Gardner,
Financial Service Tech

OCT 02 2025

Date

# SOUND AMPLIFYING DEVICE PERMIT

THE CITY OF FOREST PARK
CITY OF FORESTPARK

**Issued To:** Jason Cantrell

**Issued Date:** May 5, 2026

**Location:** 519 Forest Parkway, Forest Park, Ga, 30297

**Dates:** May 5, 2026- August 5, 2026

**Times:** 8:00 am- 5:00 pm

Latonya Turner

**Planning and Community Development**

5/5/26

**Date**